IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **BRAYLIN LAMONT BROWN,** § | |
| § | |
| § | |
| **Plaintiff,** § | |
| § | |
| V. § | NO. 4:23-CV-787-O |
| § | |
| **BILL WAYBOURN, ET AL.,** § | |
| § | |
| **Defendants.** § | |

## OPINION AND ORDER OF DISMISSAL

Came on for consideration the motion of Defendants, Bill Waybourn, Donald Oakes, Kyle Longo, Brayden Mercer, and Amy Blaustein, for judgment on the pleadings. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **GRANTED**.

## I.  PLAINTIFF'S CLAIMS

The operative pleading is Plaintiff's amended complaint, ECF No. 27, as supplemented by his more definite statement, ECF No. 32, and his Rule 7(a) reply to Defendants' amended answer. ECF No. 44. The latter document clarifies that Plaintiff is now asserting three claims: (1) Defendants Oakes, Longo, and Mercer subjected Plaintiff to physical assault by another inmate; (2) Defendants Oakes, Longo, and Mercer denied Plaintiff adequate medical care after he was assaulted; and (3) Defendants Waybourn and Blaustein violated Plaintiff's constitutional rights by indefinitely housing him in solitary confinement irrespective of his mental health issues. *Id.* at 1. Plaintiff has withdrawn his claim that Defendants Oakes, Longo, and Mercer denied him access to the courts. *Id.* at 4.

## II.     GROUNDS OF THE MOTION

Defendants urge that Plaintiff's claims must be dismissed because: (1) Plaintiff has not pleaded a physical injury and has inadequately pleaded a claim for punitive damages; (2) Plaintiff's pleadings do not overcome Defendants' entitlement to qualified immunity; and (3) Plaintiff has not pleaded a claim under *Monell*. ECF No. 46 at 2–3. Specifically, Defendants point out that they filed an amended answer refuting all of Plaintiff's factual allegations and claiming entitlement to qualified immunity. ECF No. 42. They maintain that Plaintiff's reply, ECF No. 44, is insufficient to overcome the qualified immunity defense asserted by each of them.

## III.    APPLICABLE LEGAL STANDARDS

### A.     Rule 12(c)

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). Such a motion is reviewed under the same standard as a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted, that is, whether the complaint provides enough facts to state a claim to relief that is plausible on its face. *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

### B.     Rule 12(b)(6)

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain

2

statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). *Id.* at 676; *Jones v. Hosemann*, 812 F. App'x 235, 238 (5th Cir. 2020).

To survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. *Iqbal*, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Id.* In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Dismissal is appropriate under Rule 12(b)(6) if "the complaint lacks an allegation regarding a required element necessary to obtain relief." *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006).

In considering a motion to dismiss for failure to state a claim, the court considers the complaint and documents attached to the complaint. *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021). "If an exhibit to a complaint contradicts an allegation in the complaint, the exhibit controls." *Stevenson v. Tocé*, 113 F.4th 494, 502–03 (5th Cir. 2024). The court may consider documents attached to the motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). The court may also take judicial notice of matters of public record. *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986); *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

### C.     Qualified Immunity

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). For a right to be "clearly established," that right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991); *Anderson*, 483 U.S. at 639-40. In *Harlow*, the Supreme Court explained that a key question is "whether that law was clearly established at the time an action occurred," because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is

entitled to qualified immunity. *Mullenix v. Luna*, 577 U.S. 7, 11 (2015); *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether the plaintiff has alleged any violation of a clearly established right, and if so, whether the individual defendant's conduct was objectively reasonable. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Duckett v. City of Cedar Park*, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that the plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. *Siegert*, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by the plaintiff are true, a violation has clearly occurred. *Connelly v. Comptroller*, 876 F.2d 1209, 1212 (5th Cir. 1989). Even if defendants are alleged to have acted in unison, the court must address the actions of each individually to determine whether qualified immunity applies. *Cass v. City of Abilene*, 814 F.3d 721, 730-31 (5th Cir. 2016); *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999).

A mistake in judgment does not cause an officer to lose his qualified immunity defense. In *Hunter*, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley*, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued.

502 U.S. at 229. "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." *Malley*, 475 U.S. at 341. Further, that the officer himself may have created the situation does not change the analysis. That he could have handled the situation better does not affect his entitlement to qualified immunity. *Young v. City of Killeen*,

775 F.2d 1349, 1352-53 (5th Cir. 1985).

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. *Kovacic v. Villarreal*, 628 F.3d 209, 211-12 (5th Cir. 2010); *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994). The standard is demanding. *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question beyond debate. *White v. Pauly*, 580 U.S. 73, 79 (2017). That is, the clearly established law upon which the plaintiff relies should not be defined at a high level of generality but must be particularized to the facts of the case. *Id.* Thus, failure to identify a case where an officer acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. *Id.*; *Surratt v. McClarin*, 851 F.3d 389, 392 (5th Cir. 2017).

### D. Deliberate Indifference

The Eighth Amendment proscribes cruel and unusual punishments, which the Supreme Court has interpreted to include deliberate indifference to safety and to serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Fourteenth Amendment provides the same protection for pretrial detainees. *Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019). For deliberate indifference to rise to the level of a constitutional violation, the plaintiff must establish that the defendant knew of and disregarded an excessive risk to the plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A defendant's "failure to alleviate a significant risk that he should

have perceived but did not" does not constitute a constitutional violation. *Id.* at 838. Deliberate indifference is an extremely high standard to meet. *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It requires the plaintiff to show that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino*, 239 F.3d at 756). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346.[1] *See Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2015) (deliberate indifference not established when medical records indicated that plaintiff was afforded extensive medical care); *Nunley v. Mills*, 217 F. App'x 322, 324 (5th Cir. 2007) (delays, minor lapses, and prescribing wrong medication are insufficient to state a claim for deliberate indifference).

## IV.   ANALYSIS

The Court need not engage in a lengthy analysis here. Plaintiff's claims fail for a number of reasons, most obvious of which is that he has not pleaded sufficiently to overcome the qualified immunity defense. Defendants very specifically refuted Plaintiff's allegations in their amended answer. ECF No. 42. Plaintiff's reply, ECF No. 44, fails to contain detailed facts sufficient to overcome qualified immunity.[2] Plaintiff recites that courts have held that "failing to separate

---

[1] The cases cited by *Gobert* do not explain what such exceptional circumstances might be. Whether to provide additional treatment is a classic example of a matter for medical judgment. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Domino*, 239 F.3d at 756.

[2] Plaintiff makes the argument that Defendants are not entitled to qualified immunity because he has sued them in their official capacities. ECF No. 44 at 2. He has not pleaded any such claims, which would be against Tarrant County. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). The doctrine of *respondeat superior* does not apply in § 1983 cases. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). And, Plaintiff has not alleged any

prisoners who have fought in the past *can* constitute deliberate indifference." *Id.* at 3.[3] He does not allege any facts to show that Defendants Oakes, Longo, and Mercer knew of a substantial risk to Plaintiff's safety and deliberately disregarded that risk. Further, he fails to allege any facts to support the allegation that he was denied medical care for a serious medical need and that these Defendants were deliberately indifferent to that need.[4] As for the claim related to his placement in solitary confinement, Plaintiff responds that discovery is needed to develop the facts. *Id.* at 5. He does not point to any facts establishing that either Sheriff Waybourn or Captain Blaustein violated his constitutional rights. *See Butler v. Porter*, 999 F.3d 287, 296 (5th Cir. 2021) (segregated confinement is not grounds for a constitutional claim unless it imposes atypical and significant hardship in relation to the ordinary incidents of prison life). Dismissal is required. *See Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999).

## V. CONCLUSION

For the reasons discussed herein, the motion for judgment on the pleadings is granted and Plaintiff's claims in this action are **DISMISSED**.

**SO ORDERED** this **27th day** of **January, 2025**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

illegal action by Tarrant County. *See Connick v. Thompson*, 563 U. 51, 60 (2011).

[3] In one of the cases Plaintiff cites, *Frett v. Gov't of Virgin Islands*, 839 F.2d 968 (3d Cir. 1988), a prison guard, knowing that an inmate was extremely short-tempered, dangerous, and posed a serious risk of harm to others, allowed the inmate to return to his cell where he obtained a knife he used to repeatedly stab another inmate. The facts alleged here are nothing like the facts in that case.

[4] The injuries Plaintiff describes are *de minimis* at best. *See Siglar v. Hightower*, 112 F.3d 191, 193–94 (5th Cir. 1997) (sore, bruised ear); *Hodge v. Williams*, No. 4:08-CV-330-Y, 2009 WL 111565, at *3 (N.D. Tex. Jan. 16, 2009) (cuts on hand, cut inside lip, sore neck); *Dale v. Officer Bridges*, No. 3:96-CV-3088-AH, 1997 WL 810033, at *3 (N.D. Tex. Dec. 22, 1997) (swollen, black eye).